```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. BRIEL,

                Plaintiff,

       -against-                          ORDER
                                          12-CV-3546(JS)(GRB)
CINDY D'AMBER, ESQ., NASSAU COUNTY,
NASSAU COUNTY LEGAL AID SOCIETY,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Thomas D. Briel, pro se
                    12003528
                    Nassau County Correctional Center
                    100 Carman Ave.
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

SEYBERT, District Judge:

On July 17, 2012, pro se plaintiff Thomas D. Briel ("Plaintiff") filed a Complaint alleging the violation of his civil rights against his Legal Aid attorney Cindy D'Amber Esq., who is alleged to have represented him in his underlying criminal case, Nassau County, and the Nassau County Legal Aid Society (collectively "Defendants"), accompanied by an application to proceed in forma pauperis. Upon review of the Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons set forth below, Plaintiff's Complaint is sua sponte

dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

BACKGROUND

Plaintiff's brief handwritten Complaint, submitted on the Court's Section 1983 form, alleges the following in its entirety:

> Cindy D'Amber has violated my Civil Rights by misrepresentation in the Due Process of Law and The Equal Protection of Law. Along with Cindy D'Amber's assosiates [sic] from the Legal Aid Society. Liabilities of Failure to protect my 5th, 6th, 8th and 14th Amendments. Everyone is liable [f]or these actions for the Civil Rights that are required to Protect there [sic] clients confidentiality and their Due Process of Law, Equal Protection of Law and the Assistance of Counsel. They have even told my wife I'd be home already. Thats [sic] Cruel and Unusual Punishment as well.

Compl. at ¶ IV. As a result, Plaintiff claims to have suffered "Mental Anguish; Lose [sic] of Weight Stress, Lose [sic] of Sleep, Can't eat, etc." and seeks to recover one hundred thousand dollars ($100,000.00). Compl. at ¶¶ IV.A, V.

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED.

II. <u>The Prison Litigation Reform Act</u>

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that <u>pro se</u> complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's <u>pro se</u> Complaint liberally, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); <u>Chavis v. Chappius</u>, 618 F.3d 162, (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. <u>Chavis</u>, 618 F.3d at 170 (quoting <u>Harris v. City of New York</u>, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. <u>Kiobel v. Royal Dutch Petroleum Co.</u>, 621 F.3d 111, 124 (2d Cir. 2010) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009));

3

see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United states . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person action under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo

4

v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). With the standards in mind, the Court considers the Plaintiff's claims against the Defendants.

    A.    Cindy D'Amber, Esq. and the Nassau County Legal Aid Society

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person action under color of state law. Cornejo, 592 F.3d at 127. Thus, private parties are not generally liable under a Section 1983.[1] Id. Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." National Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988) (citation omitted).

Generally, attorneys, whether with the Legal Aid Society,

---

[1] Under extremely limited circumstances not alleged here, private actors, such as the Defendants, may be held liable under Section 1983. See White v. Monarch Pharmaceuticals, Inc., No. 08-CV-430, 2009 WL 3068217, *1 (2d Cir. Sept. 28, 2009); see also Rendell-Baker v. Kohn, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982).

5

court-appointed or privately retained, are not state actors for purposes of Section 1983. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); see also Brown v. Legal Aid Society, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010) (holding that a public defender does not act under color of sate law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Schnabel v. Abramson, 232 F.3d 83, 86-87 (2d Cir. 2000) ("a legal aid society is ordinarily not a state actor"); Flores v. Levy, No. 07-CV-3753(JFB)(WDW), 2008 WL 4394681, at * 7 (E.D.N.Y. Sept. 23, 2008) (accord). Nevertheless, liability may be imposed under Section 1983 upon private individuals who are not state actors pursuant to a conspiracy theory. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002). In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325.

As is readily apparent, the allegations in the Complaint are insufficient to state a Section 1983 conspiracy claim against D'Amber or the Legal Aid Society. Accordingly, **Plaintiff's Section 1983 claims against D'Amber and the Legal Aid Society are dismissed with prejudice unless the Plaintiff files an Amended Complaint to**

**re-plead a Section 1983 conspiracy claim against D'Amber and/or the Legal Aid Society in accordance with this Order within thirty (30) days from the date this Order is served upon him.** If Plaintiff fails to timely file an Amended Complaint, his claims against Defendants D'Amber and the Legal Aid Society will be deemed dismissed with prejudice and judgment shall enter.

    B.   <u>Defendant Nassau County</u>

A municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a <u>respondeat</u> <u>superior</u> theory. <u>See</u> <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008), <u>cert. denied</u>, 130 S. Ct. 95, 175 L. Ed. 2d 234 (2009). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" <u>Hartline v. Gallo</u>, 546 F.3d 95, 103 (2d Cir. 2008) (quoting <u>Skehan v. Village of Mamaroneck</u>, 465 F.3d 96, 108-109 (2d Cir. 2006) <u>overruled on other grounds by</u> <u>Appel v. Spiridon</u>, 531 F.3d 138, 140 (2d Cir. 2008)); <u>see</u> <u>also</u> <u>Monell</u>, 436 U.S. at 690-91, 98 S. Ct. 2018. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official

decisionmaking channels." Monell, 436 U.S. at 690-691 (citations omitted).

Here, even liberally construing the Complaint, Plaintiff's allegations are insufficient to state a plausible Section 1983 cause of action against Nassau County. See, e.g., White v. St. Joseph's Hospital, No. 08-CV-2876, 2010 WL 808468, at *1 (2d Cir. March 10, 2010) (affirming sua sponte dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom as is required to state a § 1983 claim against a municipality."); see generally City of Waterbury, 542 F.3d at 37-41. Accordingly, **Plaintiff's claims against Nassau County are dismissed with prejudice unless Plaintiff files an Amended Complaint to re-plead his claim against Nassau County in accordance with this Order within thirty (30) days from the date this Order is served upon him**, **or his claim against Nassau County will be deemed dismissed with prejudice and judgment will enter.**

The Court notes that, insofar as Plaintiff seeks to challenge his underlying state court conviction, a civil action brought pursuant to Section 1983 claim is improper. Plaintiff's exclusive avenue for relief concerning his state court conviction is via a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. The habeas statute sets forth specific requirements concerning exhaustion and the time period for filing such a

8

petition and the Court makes no finding on these issues here.  See 28 U.S.C. §§ 2244(d), 2254(b)-(c).

CONCLUSION

For the reasons set forth above, **Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed unless Plaintiff files an Amended Complaint as set forth above within thirty (30) days from the date that this Order is served upon him.  If Plaintiff fails to timely file an Amended Complaint, his claims against the Defendants shall be dismissed and judgment shall enter.  Any Amended Complaint shall be clearly labeled "Amended Complaint" and bear Docket # 12-CV-3546 (JS)(GRB).**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August   2  , 2012
         Central Islip, New York