```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. BRIEL,

                 Plaintiff,

       -against-                        ORDER
                                        12-CV-3546(JS)(GRB)
CINDY D'AMBER, ESQ., NASSAU
COUNTY, NASSAU COUNTY LEGAL
AID SOCIETY,

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Thomas D. Briel, Pro Se
                    12003528
                    Nassau County Correctional Center
                    100 Carman Ave.
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

SEYBERT, District Judge:

By Order dated August 2, 2012, the undersigned granted the in forma pauperis application filed by incarcerated pro se plaintiff Thomas D. Briel ("Plaintiff") but sua sponte dismissed his civil rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) because he failed to allege a plausible claim against the Defendants, namely his Legal Aid attorney Cindy D'Amber Esq., who is alleged to have represented him in his underlying criminal case, Nassau County, and the Nassau County Legal Aid Society (collectively "Defendants"). Plaintiff was afforded leave to file an Amended Complaint alleging a plausible claim against any Defendant within thirty (30) days from the date that the August 2, 2012 Order was served upon him. On August 13, 2012, Plaintiff

timely filed an Amended Complaint. However, Plaintiff has not cured any of the defects noted in the Court's prior order. Accordingly, the Amended Complaint is now dismissed with prejudice and the Clerk of the Court is directed to close this case.

I. The Amended Complaint

Plaintiff's Amended Complaint is brief. In its entirety, Plaintiff alleges:

> Cindy D'Amber has violated and deprived of the state regulations to represent me as a client which was omitted on the following court dates: April 24th, May 24th, June "not sure"; July 18th but was reassigned in July. This conspiracy between Cindy D'Amner and Nassau County Legal Aid Society and Nassau County deprives one's life to fail by adequate representation to fight for my freedom. They allowed my rights to a speedy trial when I had written the request and waived my rights to a 180.80 right to a felony hearing without knowledge or consent.

Compl. at ¶ IV. As a result, Plaintiff claims to have suffered "Mental Anguish from numerous times of saying we will get you home to your wife who is disabled and my daughter." Plaintiff further claims to have suffered weight loss, stress, and now has difficulty sleeping. Accordingly, he seeks to recover one hundred thousand dollars ($100,000.00). Compl. at ¶¶ IV.A, V.

II. The Court's Screening

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state

a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

3

Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United states . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person action under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established

elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). With the standards in mind, the Court considers the Plaintiff's claims against the Defendants.

> A. <u>Cindy D'Amber, Esq. and the Nassau County Legal Aid Society</u>

Like his original Complaint, Plaintiff continues to name both the attorney who represented him in the underlying criminal proceeding, Cindy D'Amber, Esq., and the Nassau County Legal Aid Society. Because neither of these private parties act under color of state law, Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); see also Brown v. Legal Aid Society, 367 F. App'x 215, 216 (2d Cir. Feb. 23, 2010), they may not be held liable under Section 1983 unless they are alleged to have conspired with a state actor to deprive Plaintiff of some constitutional right. As was made clear in the Court's August 2, 2012 Order, in order to state a plausible Section 1983 conspiracy claim, the plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello, 292 F.3d at 324-325.

As is readily apparent, the allegations in the Amended Complaint are wholly insufficient to state a Section 1983 conspiracy claim against D'Amber or the Legal Aid Society. Accordingly, Plaintiff's Section 1983 claims against D'Amber and

5

the Legal Aid Society are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

B. <u>Defendant Nassau County</u>

Plaintiff has also failed to amend his Complaint to allege a plausible claim against Nassau County. As the Court detailed in its August 2, 2012 Order, a municipality or municipal entity, such as Nassau County, cannot be held liable under § 1983 on a <u>respondeat superior</u> theory. <u>See</u> Order, dated August 2, 2012, Seybert, D.J., citing <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008), <u>cert. denied</u>, 130 S. Ct. 95, 175 L. Ed. 2d 234 (2009). Thus, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" <u>Hartline v. Gallo</u>, 546 F.3d 95, 103 (2d Cir. 2008) (quoting <u>Skehan v. Village of Mamaroneck</u>, 465 F.3d 96, 108-109 (2d Cir. 2006) <u>overruled on other grounds by</u> <u>Appel v. Spiridon</u>, 531 F.3d 138, 140 (2d Cir. 2008)); <u>see also</u> <u>Monell</u>, 436 U.S. at 690-91, 98 S. Ct. 2018.

Here, even liberally construing the Amended Complaint, Plaintiff fails to state a plausible Section 1983 cause of action against Nassau County. <u>See</u>, <u>e.g.</u>, <u>White v. St. Joseph's Hospital</u>, No. 08-CV-2876, 2010 WL 808468, at *1 (2d Cir. March 10, 2010)

(affirming sua sponte dismissal of Section 1983 claim for the plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom as is required to state a § 1983 claim against a municipality."). Accordingly, Plaintiff's claims against Nassau County are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A.

Moreover, as is abundantly clear, Plaintiff's Amended Complaint seeks to challenge his underlying state court conviction. A civil action brought pursuant to Section 1983 is improper. Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010) (Section 1983 claims that imply the invalidity of a conviction or sentence are "not cognizable unless plaintiff can show that his state court conviction has 'been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'") (quoting Heck v. Humphrey, 512 U.S. 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)). Plaintiff's exclusive avenue for relief concerning his state court conviction is via a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. The habeas statute sets forth specific requirements concerning exhaustion and the time period for filing such a petition and the Court makes no finding on these issues here. See 28 U.S.C. §§ 2244(d),2254(b)-(c).

CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is <u>sua sponte</u> dismissed with prejudice. The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  21 , 2012
       Central Islip, New York